IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT PARAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| BI-STATE DEVELOPMENT AGENCY ) | |
| OF MISSOURI-ILLINOIS ) | |
| METROPOLITAN   DISTRICT d/b/a ) | |
| METRO, METRO TRANSIT, METROBUS ) | |
| METROLINK, ) | |
| ) | |
| Serve: Any officer or manager ) | |
| One Metropolitan Square ) | |
| 211 North Broadway ) | |
| Suite 700 ) | |
| St. Louis, MO 63102 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

1. Plaintiff, Robert Paraham (hereinafter Plaintiff"), through his undersigned Counsel, hereby brings suit for reinstatement, damages and injunctive relief to redress the deprivation of rights secured to plaintiff by the Family and Medical Leave Act of 1993 (hereinafter "*FMLA*"), 29 U.S.C. §§ 2601 et seq.

2. The jurisdiction of the Court over this controversy is invoked pursuant to the provisions of 29 U.S.C. § 1331, 29 U.S.C. § 2617, and/or 29 U.S.C. § 1343 (a) (4).

3. The unlawful employment practices alleged below were committed within the State of Illinois. Accordingly, venue lies in the United States District Court for the Southern District of Illinois under 29 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a citizen of the United States and a resident of the State of Illinois. Plaintiff is a person entitled to protection pursuant to the provisions of 29 U.S.C. § 2611(2)(a) to be treated as an employee within the meaning of the FMLA.

5. The defendant, Bi-State Development Agency of Missouri-Illinois (hereinafter "*Defendant*" or "*Company*"), is an employer within the State of Illinois.

6. Defendant was the "employer" of Plaintiff within the meaning of 29 U.S.C. § 2611(4)(a) at all times relevant to this action.

## STATEMENT OF FACTS

7. At the time of termination of his employment, Plaintiff was employed by Defendant as a transit service manager.

8. At all times relevant herein, Defendant employs at least 75 individuals.

9. Plaintiff was hired as transit service manager on or about November 5, 2018. His employment was continuous up until the termination of his employment.

10. While employed, Plaintiff's ending rate of pay was $26.70 per hour plus overtime. He also received Company-sponsored benefits not limited to medical insurance.

11. On or about November 10, 2020, Plaintiff's wife was diagnosed with breast cancer.

12. On or about November 13, 2020, Plaintiff spoke with his supervisor about taking FMLA so that he could take care of his wife.

13. On or about November 25, 2020, Plaintiff called human resources to discuss FMLA and take his wife to treatment.

14. On or about December 3, 2020, Plaintiff's supervisor was notified by him and FMLA that that Plaintiff turned in the FMLA paperwork for approval.

15. On or about December 7, 2020, Plaintiff's FMLA paperwork was approved.

16. On or about December 9, 2020, Plaintiff's employment was terminated.

## COUNT I – Violation of the Family and Medical Leave Act

17. Plaintiff restates, realleges and reavers and hereby incorporates by reference any and all allegations of paragraphs 1 through 16 inclusive, herein.

18. Defendant was and is a covered employer under the FMLA, 29 U.S.C. 26 § 2611 (4)(A). At all times herein relevant, Plaintiff was an eligible employee on an approved FMLA leave to care for a family member who had a serious health condition 29 U.S.C. § 2611 (2)(A), and 29 U.S.C. § 2612(a)(l)(C).

19. Due to Plaintiff's request for intermittent leave under FMLA, Defendant terminated his employment in violation of 29 U.S.C. § 2615(a).

20. In addition, Plaintiff alleges that Defendant's unlawful termination of his employment violates the laws of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq. justifying an award, inter alia, of back pay, interest, special damages (if applicable), and any and all other damages that she is entitled to under law against Defendant.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

A. For a money judgment representing compensatory damages, including lost wages, past and future wages, all other sums of money, including any and all benefits and any other employment benefits together with interest on said amounts, in addition to tort damages;

B. For a money judgment representing punitive damages for Defendant's willful violations of law;

C. For a money judgment representing prejudgment interest, if applicable;

D. Reinstatement and restoration of benefits;

E. For reasonable attorneys' fees, costs, and expenses;

F. That this Court retain jurisdiction over this action until Defendant has fully complied with the orders of this Court, and that this Court require Defendant to file any and all reports necessary and to supervise compliance with law that any and all matters related hereto be done in conformance with the applicable ADA and FMLA provisions;

G. For lost monies and damages pertaining to out-of-pocket expenses;

H. For further, other, and additional relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff herein demands a trial by jury of all issues in this action.

        Respectfully submitted,

        McMICHAEL, LOGAN, SCHAEFFER, GILPIN

        By:    /s/ *Michelle K. Faron*
                 J. Clayton Schaeffer, #67444 MO
                 Michelle K. Faron, #68058 MO
                 7710 Carondelet Ave, Suite 217
                 Clayton, MO 63105
                 (p): 314-492-2577
                 (f): 888-823-1441
                 clay@mcmichael-logan.com
                 michelle@mcmichael-logan.com
                 Attorneys for Plaintiff